Robert A. Weikert (SBN 121146)
rweikert@nixonpeabody.com
Aldo E. Ibarra (SBN 268585)
aibarra@nixonpeabody.com
NIXON PEABODY LLP
One Embarcadero Center, 18th Floor
San Francisco, CA 94111
Tel: 415-984-8200
Fax: 415-984-8300

Gina M. McCreadie, PHV
Nixon Peabody, LLP
100 Summer Street
Boston, MA 02110
617-345-6189
Fax: 866-812-3848
Email: gmccreadie@nixonpeabody.com

Attorneys for Defendant
VIC FIRTH COMPANY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD A. FORREST, an individual doing business as GOSPELCHOPS,<br><br>Plaintiffs,<br><br>v.<br><br>VIC FIRTH COMPANY, a Massachusetts corporation,<br><br>Defendant. | Case No. 2:16-cv-02981-KJM-EFB<br><br>Hon. Kimberly J. Mueller<br><br>**STIPULATION AND [ORDER FOR EXTENSION OF TIME FOR DEFENDANT TO RESPOND TO PLAINTIFF'S FIRST SET OF WRITTEN DISCOVERY REQUESTS**<br><br>**Local Rule 144(a)** |

Plaintiff GERALD A. FORREST, an individual doing business as GOSPELCHOPS ("Plaintiff"), and Defendant VIC FIRTH COMPANY ("Defendant"), collectively referred to as the "Parties," through their respective attorneys, hereby stipulate to an extension of time for Defendant to serve its responses to Plaintiff's First Set of Interrogatories; First Set of Requests for Production of Documents; and First Set of Requests for Admissions to Defendant (together, the

-1-

"Written Discovery"), as set forth in detail below.

On May 16, 2017, Plaintiff served Defendant with the Written Discovery. The Parties have arranged for a mediation to take place on July 28, 2017 before Glenn Peterson through the Court's VDRP program. After a meet and confer, the Parties identified and, in some cases, narrowed the discovery requests most important for Plaintiff to obtain prior to mediation and agreed, in order to allow for sufficient time to focus on and engage in a meaningful mediation, to extend Defendant's deadline for responding to the remaining Written Discovery by 60 days, until August 14, 2017.

Specifically, Defendant agrees to provide, via electronic service, to the maximum extent practicable, meaningful answers (*i.e.*, substantive responses rather than responses consisting only of objections and a refusal to answer) to the following discovery requests on or before July 12, 2017:

1. Request for Production No. 2 (excluding any documents, such as invoices or purchase orders, reflecting only Plaintiff's purchase(s) of drumsticks from Defendant);
2. Request for Production Nos. 3-5, 8-12, and 14-16;
3. Request for Production No. 17 (limited to address only those of Defendant's products identified by Plaintiff's counsel via email to Defendant's counsel on June 22, 2017);
4. Interrogatories 7, 9, and 10.

By narrowing certain requests for purposes of pre-mediation discovery, Plaintiff does not waive any right to obtain responses to the requests as originally drafted on August 14, 2017 or such other post-mediation date as may be acceptable to Plaintiff.

As stated above, the Parties agree to extend the deadline for Defendant to respond to all other currently outstanding Written Discovery to August 14, 2017. Specifically, the extension to August 14, 2017 shall apply to:

1. Each and every Request in Plaintiff's First Set of Requests for Admission;
2. Request for Production Nos. 1, 6, 7, 13, and 18-27; and

3. Interrogatories 1-6, 8, and 11.

An extension to August 14, 2017, however, would exceed twenty-eight days and require Court approval as provided by Local Rule 144(a). Based upon the foregoing, the Parties respectfully request that the Court enter an order expanding the time for Defendant to serve its responses to the Written Discovery as set forth above.

Good cause exists for this extension as the Parties are engaging in meaningful settlement negotiations and will attend and participate in good faith in the mediation on July 28, 2017. This is the Parties' first request for an extension in connection with the Written Discovery.

This document is being electronically filed through the Court's ECF System. In this regard, counsel for Defendant hereby attests that (1) the content of this document is acceptable to all persons required to sign the document; (2) Plaintiff's counsel has concurred with the filing of this document; and (3) a record supporting this concurrence is available for inspection or production if so ordered.

Respectfully submitted,

Nixon Peabody LLP

DATED: June 26, 2017  By: */s/ Aldo E. Ibarra*
Robert A. Weikert
Gina McCreadie
Aldo E. Ibarra
Attorneys for Defendant
VIC FIRTH COMPANY

Cohorn Law

DATED: June 26, 2017  By: */s/ Cari A. Cohorn*
Cari A. Cohorn
Attorney for Plaintiff
GERALD A. FORREST dba GOSPELCHOPS

IT IS SO ORDERED.

DATED: June 30, 2017

_____
UNITED STATES DISTRICT JUDGE