Robert A. Weikert (SBN 121146)
rweikert@nixonpeabody.com
Aldo E. Ibarra (SBN 268585)
aibarra@nixonpeabody.com
NIXON PEABODY LLP
One Embarcadero Center, 18th Floor
San Francisco, CA 94111
Tel: 415-984-8200
Fax: 415-984-8300

Gina M. McCreadie, PHV
Nixon Peabody, LLP
100 Summer Street
Boston, MA 02110
617-345-6189
Fax: 866-812-3848
Email: gmccreadie@nixonpeabody.com

Attorneys for Defendant
VIC FIRTH COMPANY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD A. FORREST, an individual doing business as GOSPELCHOPS,<br><br>Plaintiffs,<br><br>v.<br><br>VIC FIRTH COMPANY, a Massachusetts corporation,<br><br>Defendant. | Case No. 2:16-cv-02981-KJM-EFB<br><br>Hon. Kimberly J. Mueller<br><br>**STIPULATED PROTECTIVE ORDER GOVERNING THE CONFIDENTIALITY OF DISCOVERY** |

**STIPULATED PROTECTIVE ORDER**
**GOVERNING THE CONFIDENTIALITY OF DISCOVERY**

WHEREAS, the Court has before it a proposed stipulation by the parties to the above-captioned action for entry of a protective order governing, inter alia, the confidentiality of discovery produced by the parties in this action;

-1-

WHEREAS, the Court finds that the documents and testimony subject to proposed stipulation could be sought for improper purpose such as gaining unfair business advantage and the public does not already have general access to the information contained in these documents.

**NOW THEREFORE**, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and the stipulation and agreement of the parties, IT IS HEREBY ORDERED that:

1. This Order shall govern all discovery materials produced or disclosed during this action, including without limitation the following: documents; data and information; electronic or computerized data compilations; answers to interrogatories; answers to deposition questions; responses to requests for admission; affidavits; and all other discovery taken pursuant to the Federal Rules of Civil Procedure and Local Civil Rules for the United States District Court for the Eastern District of California from the Parties and non-Parties. The term "Party" shall include the following: the named parties to this litigation and all directors, officers, employees, agents or representatives of the parties.

2. Material designated for protection under this Order ("Protected Material") shall be categorized by the producing Party into one of the following classifications:

(a) CONFIDENTIAL; or (b) HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY. The CONFIDENTIAL designation shall be appropriately applied to any non-public document or information that the designating Party determines, reasonably and in good faith, to constitute confidential, proprietary, or otherwise sensitive information that the designating Party reasonably believes should not be disclosed to the public. The HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY designation shall only be used for non-public information that the designating Party determines, reasonably and in good faith, to constitute highly sensitive technical or business information, including but not limited to trade secrets, business models or plans, existing or potential customer lists or information, marketing plans, market assessments, sensitive agreements with third parties, internal financial statements, sales and profit information and related data (with the exception of gross revenues and sales, including gross revenues attributable to sales of specific products relevant to this action), non-public agreements, or information whose disclosure is subject to any obligation of prior disclosure to any non-party to this lawsuit, and/or information or documents that relate to products of any Party under development, and that the designating Party reasonably believes should not be disclosed to the public or to a Party because such disclosure could create a

- 2 -

Doc ID
Include Draft Include Date Include Time

substantial risk of serious harm. The scope of this Order shall be understood to encompass not only those items or things that are expressly designated as Protected Material, but also any information derived there from and all copies, photographs, excerpts, and summaries thereof, as well as testimony and oral conversation derived there from or related thereto.

3. To designate and categorize information contained in discovery material that is produced in written form as HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY Protected Material, the producing Party or non-party shall stamp "Highly Confidential – Outside Counsel's Eyes Only" on each page of such discovery material, including a Production number on each page to identify that the Protected Material has been so marked for purposes of this action only. The designation and classification of information as HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY will be deemed effective to bring that information under the protections of this Order unless and until the Court orders otherwise, as provided in Paragraph 10 of this Order.

4. Protected Material designated and categorized as HIGHLY CONFIDENTIAL– OUTSIDE COUNSEL'S EYES ONLY pursuant to Paragraph 3 above may be disclosed only to the following persons, except upon the prior written consent of the designating Party or as otherwise expressly provided in this Order:

(a) Counsel of record in this action, who are attorneys with the following law firms: (i) Nixon Peabody LLP and (ii) Cohorn Law;

(b) Authorized secretarial, clerical, legal assistant, paralegals, or staff of counsel of record for the Parties who are necessary to assist in the conduct of this action, and outside contractors hired to copy, index, sort, or otherwise manage the storage and retrieval of discovery materials;

(c) Bona fide litigation consultants, whether testifying or not, and experts, whether testifying or not, and any other person that does not fall within subparagraphs 4(a)-(b) above requested by counsel to give testimony, or otherwise to assist in trial preparations in this action, to the extent necessary for the conduct of this action, but only if those persons are not a Party to this action and are not officers, directors or employees of a Party to this action, of a competitor of a Party to this action or of any affiliates of either. Before any disclosure is made pursuant to this paragraph, counsel for the Party designating the information as HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY shall be given no less than five (5) business days prior to

Doc ID
Include Draft Include Date Include Time

the proposed disclosure, a notice of intent to disclose, which notice shall contain the name, title, and business address of the person to whom the information will be disclosed.  If counsel for the designating Party objects to the proposed disclosure after receipt of the notice but prior to the proposed disclosure date, then no disclosure of Protected Material shall be made to the proposed recipient.  Any objection to the proposed disclosure must include a complete statement as to the basis for the objection in sufficient detail to enable the Court to determine whether such objection is justified pursuant to the restrictions of subparagraph 4(c) and, if the parties do not otherwise resolve the dispute, the Party requesting disclosure may seek the Court's assistance to resolve the issue.  If the designating Party consents to such disclosure at any time, the 5-day period is waived.  See Paragraph 8 with respect to required execution of the CONFIDENTIALITY UNDERTAKING attached hereto as Exhibit 1 prior to disclosure;

(d) Any witness during the course of depositions in this action or oral or written examinations, provided such witness is first advised of and agrees on the record to the terms and conditions of this Order, and provided further that any such person's name appears on the Protected Material as a person who has previously seen or received the Protected Material, or it is otherwise established through other documents or the testimony of that witness or other witnesses at deposition that the witness has previously seen or received the Protected Material or knows the information contained within it, and provided that such document or information is not left in the possession of the deponent.  See Paragraph 8 with respect to required execution of the CONFIDENTIALITY UNDERTAKING attached hereto as Exhibit 1 prior to disclosure;

(e) Any court reporters and videographers who record and/or transcribe deposition or other testimony in this action.  See Paragraph 8 with respect to required execution of the CONFIDENTIALITY UNDERTAKING attached hereto as Exhibit 1 prior to disclosure;

(f) The Court and its staff and any Special Master appointed by the Court and his/her staff; and any person whom the Court has appointed or the parties have agreed will serve as mediator in this lawsuit, provided that the mediator shall execute the CONFIDENTIALITY UNDERTAKING prior to disclosure and destroy all documents, things or information marked "Highly Confidential – Outside Counsel's Eyes Only" within ten (10) days after the conclusion of such person's involvement in the mediation and shall not use such information for any purpose other than in connection with the mediation.  See Paragraph 8 with respect to required execution

STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIALITY OF DISCOVERY; Case No. 2:16-cv-02981

Doc ID
Include Draft Include Date Include Time

of the CONFIDENTIALITY UNDERTAKING attached hereto as Exhibit 1 prior to disclosure; and

      (g)    Any other person by Order of the Court or the Special Master after an application and a showing by the Party seeking to make disclosure that such proposed disclosure will not raise a risk of material harm to the designating Party, and will not be used to the technical, marketing, financial, commercial or other competitive advantage of the receiving Party. See Paragraph 8 with respect to required execution of the CONFIDENTIALITY UNDERTAKING attached hereto as Exhibit 1 prior to disclosure.

      Information or documents designated HIGHLY CONFIDENTIAL– OUTSIDE COUNSEL'S EYES ONLY shall not be disclosed to others, including any officers, directors, employees, including in-house counsel, or members of any Party to this action, except as provided in this paragraph.

      5.    To designate and categorize information contained in discovery material that is produced in written form as CONFIDENTIAL Protected Material, the producing Party or non-party shall stamp "Confidential" on each page of such discovery material, including a production number on each page to identify that the Protected Material has been so marked for purposes of this action only. The designation and classification of information as CONFIDENTIAL will be deemed effective to bring that information under the protections of this Order unless and until the Court orders otherwise, as provided in Paragraph 10 of this Order.

      6.    Protected Material designated and categorized as CONFIDENTIAL pursuant to Paragraph 5 above may be disclosed to the following persons, except upon the prior written consent of the designating Party or as otherwise expressly provided in this Order:

      (a)    All of the persons identified in Paragraphs 4(a)-(g) above, subject to the required execution of the CONFIDENTIALITY UNDERTAKING attached hereto as Exhibit 1 prior to disclosure;

      (b)    Any named Party to the litigation, including any present or former officer, director, or employee thereof, including in-house counsel, to whom it is necessary that the designated material be shown for the purposes of the litigation; and

      (c)    Any other person as to whom the parties first agree in writing, which agreement will not be unreasonably withheld. See Paragraph 8 with respect to required execution of the CONFIDENTIALITY UNDERTAKING attached hereto as Exhibit 1 prior to disclosure.

7.      Counsel for a producing Party may mask ("redact") material deemed exempt from discovery because of the attorney-client privilege or work product immunity afforded by Fed. R. Civ. P. 26(b), and may thus produce documents for inspection either in a redacted or unredacted form. However, any document from which material is redacted must identify in the redacted area that a redaction has occurred. The reason for any such redacting must be stated either on the document itself or on a log provided to the receiving Party. In the event of any dispute as to the propriety of the redaction, the Party objecting to the redaction may submit the issue to the Court for review and determination, but the Party making the redaction shall retain the burden of showing that the redaction was proper.

8.      No disclosure of Protected Material shall be made pursuant to Subparagraphs 4(c), 4(d), 4(e), ~~4(f)~~, 4(g), 6(a), and 6(c) unless and until the person to whom the information is to be disclosed shall be advised of and shall agree to the terms and conditions of this Order by signing a "CONFIDENTIALITY UNDERTAKING" in the form attached hereto as Exhibit 1 and shall agree to maintain the information in a separate and identifiable file, access to which is appropriately restricted.

9.      All Parties or non-parties seeking to file with the Court any discovery materials designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY shall file, with the Judge appointed to this action, the appropriate motion to seal or redact in accordance with Local Civil Rules 140, 141 and 141.1 for the United States District Court for the Eastern District of California or other order by the Court. Only those portions of the filing with the Court constituting Protected Material shall be subject to the motion to seal. This paragraph shall not be construed to limit or prohibit the right of a Party to challenge a designation of Protected Material, as provided in Paragraph 10 of this Order.

If a Party plans to make a filing that includes material an opposing Party has identified as confidential and potentially subject to sealing, the filing Party shall provide the opposing Party, when possible, with at least ten (10) days-notice in advance of filing to allow for the seeking of an order of sealing or redaction from the court. In no event shall the filing Party provide the opposing Party with fewer than five (5) calendar days-notice in advance of filing.

10.     A Party shall not be obligated to challenge the propriety of a designation under this Order at the time made, and the failure to do so shall not preclude a subsequent challenge thereto. If at any time a Party objects to a designation of information, in whole or in part, as

CONFIDENTIAL material or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY material under this Order because such Party believes in good faith that such information: (1) was improperly designated; and (2) is relevant to the claim or defense of any Party, the objecting Party shall notify the designating Party in writing of its request to have the designation modified or withdrawn. The notice shall identify the information in question, and shall specify the reason or reasons for the objection in sufficient detail to enable the Court to determine whether such objection is justified. Within five (5) business days of the receipt of such notice, the designating Party shall respond in writing by: (1) withdrawing the designation; (2) setting forth the reasons why the designating Party believes the information is entitled to the designated status in sufficient detail to enable the Court to determine whether such reasons are justified; or (3) modifying the designation and setting forth the reasons why the designating Party believes the information is entitled to the modified designation in sufficient detail to enable the Court to determine whether such reasons are justified. At that time, the designating Party may present the dispute to the Court by filing a motion for an order regarding the challenged designation. The ultimate burden of showing that the designation is proper shall remain with the designating Party. The status of the information shall be maintained as originally designated until the Court makes a final ruling on the application.

11. Should a receiving Party need to disclose CONFIDENTIAL material or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY material beyond the terms of this Order, counsel of record for the receiving Party will inform the designating Party of the documents or materials to be disclosed, the person or persons to whom disclosure is to be made, the extent of the disclosure required, and the basis for such disclosure. No such disclosure will be made unless and until approval is obtained from the designating Party. This Order contemplates reasonable cooperation between the Parties with respect to any request for disclosure; approval will not be withheld without reasonable basis. In the event that the Parties cannot resolve a dispute regarding disclosure of CONFIDENTIAL material or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY, either Party may apply for a ruling from the Court on the continued status of the information. The ultimate burden of showing that the designation is proper shall remain with the designating Party.

12. Each individual who receives any CONFIDENTIAL material or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY material in accordance with any

Doc ID
Include Draft Include Date Include Time

provision of this Order hereby agrees to subject himself/herself to the jurisdiction of the Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of, this Order.

13. The recipient of any CONFIDENTIAL material or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY material that is provided under this Order shall maintain such information in a secure and safe area, shall take all necessary and appropriate measures to ensure the continued confidentiality of such material, and shall exercise at least the same standard of due and proper care with respect to the storage, custody, use, and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary and highly confidential or competitively sensitive information.

14. Notwithstanding any other provisions of this Order, nothing herein shall prohibit counsel for a Party from disclosing a document containing information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY to any natural person whom the document clearly identifies as an author, addressee, or carbon copy recipient of such document. During deposition, hearing, or trial testimony, counsel may disclose documents produced by a Party to current employees and officers of the producing Party. Regardless of any designation pursuant to this Order, if a document or testimony makes reference to the actual or alleged conduct or statements of a person who is a potential witness, counsel may discuss such conduct or statements with such witness without revealing any portion of the document or testimony other than that which specifically refers to such conduct or statement, and such discussion shall not constitute disclosure in violation of this Order.

15. Testimony or other material disclosed or to be disclosed at any deposition occurring in this litigation may be designated and categorized under Paragraphs 3 and 5 by any Party or non-Party by making such a designation in writing, by page and line reference, where applicable, to all other Parties or their counsel, within twenty (20) calendar days after receipt of the transcript of such deposition, or within such shorter period as the parties agree. Any such designation must be made pursuant to the standards set forth in Paragraph 2 of this Order. Unless otherwise agreed to in writing by the designating Party, all deposition transcripts shall be treated in a manner consistent with a designation of HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY material made under Paragraph 3 until expiration of the time for any Party or non-Party to make any such confidentiality designations.

Doc ID
Include Draft Include Date Include Time

16. In the event that any question is asked at a deposition with respect to which a Party asserts that the answer requires the disclosure of Protected Material, such question shall nonetheless be answered by the witness fully and completely. Prior to answering, however, all persons present – other than those who already have agreed to the Order or who are persons covered by Paragraphs 4 and 6 of this Order – shall be advised of and shall agree to the terms and conditions of the Order and, at the request of the designating Party, all persons, other than the witness and the witness' counsel, who are not allowed to obtain such information pursuant to this Order shall leave the room during the time in which this information is disclosed or discussed.

17. All Protected Material produced in this action shall only be used in connection with the preparation, trial, and appeal, if any, of this action and shall not be used for any other purpose or used or disclosed to any other person or entity unless otherwise agreed to beforehand in writing by the producing Party or if the Court so orders; however, this requirement shall not prejudice any Party's right to seek or oppose an order from the Court permitting the use in other litigation of discovery material.

18. Nothing in this Order shall prohibit the transmission or communications of information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY between or among those afforded access to it pursuant to this Order: (a) via hand-delivery; (b) via face-to-face conference; (c) in sealed envelopes or containers via the mail or an established freight, delivery, or messenger service; or (d) by e-mail, telephone, telegram, facsimile, or other electronic transmission system.

19. To the extent that documents are made available to a Party prior to the entry of this Order, any knowledge learned during the review process will be treated by the receiving Party as HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY material until such time as this Order is entered by the Court, at which time any stamped or affixed designation will control. To the extent that documents are reviewed by a Party during the course of settlement or compromise discussions, such documents are to be produced or protected from disclosure in accordance with Fed. R. Evid. 408. No document that is otherwise discoverable or admissible as evidence shall be rendered immune from discovery or disclosure, or rendered inadmissible, solely by virtue of being reviewed during the course of settlement or compromise discussions.

20. The inadvertent production of any documents or other discovery materials governed by this Order shall be without prejudice to, or any waiver of, any claim by the

producing Party, or producing non-Party, that any such document or other discovery materials, or information contained in such document or other discovery materials, is confidential, privileged, protected from discovery as work product, or otherwise protected from disclosure; and no Party or non-Party shall be held to have waived any of its rights under Fed. R. Civ. P. 26 by such inadvertent production.

21. If a Party determines that it has inadvertently produced documents or materials that are subject to a claim of privilege or work product, or otherwise protected from disclosure, the producing Party shall inform the receiving Party of the inadvertent production in writing, and the receiving Party shall take reasonable steps to ensure that all known copies of any such documents are returned promptly to the producing Party. After the return of the documents, the receiving Party may contest the producing Party's claim(s) of privilege, work product, or other immunity from disclosure pursuant to Paragraph 10 of this Order. That determination shall be made without regard to the fact that any such document has been produced.

22. If a Party determines that it has inadvertently failed to designate documents or materials as CONFIDENTIAL material or HIGHLY CONFIDENTIAL– OUTSIDE COUNSEL'S EYES ONLY material, it may do so by giving written notice to all Parties or their counsel of the new designation as being either CONFIDENTIAL material or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY material. All persons who are in possession of such after-production designated or re-designated materials and who are not within a category of persons who may possess such materials pursuant to Paragraphs 4 and 6 hereof shall, to the extent practicable, promptly return all known copies of any such documents to the producing Party or to a person who is within a category of persons who may possess such materials. Such after-production designated or re-designated materials shall be treated pursuant to the provisions of this Order as having been designated prior to production. After the return of the documents, the re-designation may be challenged pursuant to Paragraph 10, which challenge shall be made without regard to the fact that any such document has been re-designated or produced without first being designated.

24. Any document or other information designated as CONFIDENTIAL material or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY material pursuant to this Order that is or becomes widely available as a matter of public record, or is otherwise intentionally disclosed to the public at large by the designating Party, shall not be considered to

- 10 -

Doc ID
Include Draft Include Date Include Time

be Protected Material thereafter. If a Party believes that Protected Material has become "widely available as a matter of public record," it may challenge the designation, as provided in Paragraph 10 of this Order.

25. Nothing contained in this Order shall preclude a Party producing Protected Material from disclosing or using its own Protected Material in any manner it sees fit, or from revealing such Protected Material to whomever it chooses, without the prior consent of any other Party or of this Court.

26. This Order pertains only to Protected Material provided by the Party producing it and does not limit the use or disclosure of materials which have been obtained by any Party from any other source lawfully possessing such information and not in violation of any obligation of confidentiality with respect thereto.

27. Within sixty (60) calendar days after the final termination of this action, including any appeals, all Parties and non-Parties shall, unless the Parties otherwise agree in writing, return all Protected Material, and all copies thereof, to the Party or non-Party that produced it, or shall destroy all Protected Material, all copies thereof, and all Parties who possessed such Protected Material shall certify, to the best of their knowledge after reasonable inquiry, the return or destruction by affidavit or signed letter furnished to the producing Party. Notwithstanding the foregoing, each Party shall be permitted to retain one copy of documents filed with the Court or served in this proceeding, including correspondence with opposing counsel, one copy of each trial and deposition transcript, and one copy of each trial and deposition exhibit, and any notes, communications, or others materials constituting attorney work product that may contain or refer to Protected Material, which copies shall remain subject to the terms of this Order.

28. If a Party in possession of Protected Material obtained from another Party or non-Party receives a subpoena or other form of compulsory process from a non-party to this action seeking production or other disclosure of such information, it shall immediately give written notice to the Party that designated the material, specifying the information sought and enclosing a copy of the subpoena or other form of compulsory process. Where possible, such notice shall be given to the designating Party at least ten (10) calendar days prior to production or disclosure. In no event shall production or disclosure be made before five (5) calendar days after giving such notice to the designating Party.

29. Any Party hereto may at any time make a motion requesting that the Court modify this Order to provide additional or different protection where it is deemed appropriate.

30. The treatment accorded Protected Material under this Order shall survive the termination of this action.

31. A violation of this Order may be considered an act of contempt of this Court, subject to a determination by this Court that the requirements for such findings are satisfied. By the signatures of counsel below, as duly authorized agents of the respective Parties, the Parties are bound by this Order under the principles of contract, even in the absence of a signature by the Court to this Order.

32. The disclosure of a document or its production for inspection in this action shall not constitute an admission of its relevance, authenticity, or of its admissibility in this action.

33. It is expressly contemplated and agreed that third parties that produce documents, or provide testimony or other information by way of discovery in this action, may invoke all provisions of this Order that are available to the parties, provided they agree to be bound by all of the terms of this Order, and that the parties will treat all material designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY by a third party in accordance with the terms of this Order.

34. Nothing in this Order shall bar or otherwise restrict any attorney herein from rendering advice to his client with respect to this litigation and in the course thereof, rendering to or relying upon his examination of Protected Material, provided, however, that in rendering such advice and in otherwise communicating with his clients, the attorney shall not disclose the content or the source of any Protected Material.

35. The Parties hereby agree that if the Court does not enter this Order, the Parties will agree and abide by the term of this document regarding the confidentiality, use, and the return or destruction of Protected Materials as detailed herein, and otherwise comply with Local Rules 140, 141 and 141.1 for submitting Protected Material to the Court. See Local Civil Rules 140, 141 and 141.1.

STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIALITY OF DISCOVERY; Case No. 2:16-cv-02981

Doc ID
Include Draft Include Date Include Time

|     |                           |                                                          |
| --- | ------------------------- | -------------------------------------------------------- |
|     |                           | Respectfully submitted,                                  |
|     |                           | Nixon Peabody LLP                                        |
|     | DATED: July 10, 2017      | By: */s/ Aldo E. Ibarra*                                 |
|     |                           | Robert A. Weikert                                        |
|     |                           | Gina McCreadie                                           |
|     |                           | Aldo E. Ibarra                                           |
|     |                           | Attorneys for Defendant                                  |
|     |                           | VIC FIRTH COMPANY                                        |
|     |                           | Cohorn Law                                               |
|     | DATED: July 10, 2017      | By: */s/Cari A. Cohorn*                                  |
|     |                           | Cari A. Cohorn                                           |
|     |                           | Attorney for Plaintiff                                   |
|     |                           | GERALD A. FORREST dba GOSPELCHOPS                        |

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: July 12, 2017.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

# **CONFIDENTIALITY UNDERTAKING**

I, _____, hereby acknowledge that:

(i) I have read the Protective Order entered in the action presently pending in the U.S. District Court for the Eastern District of California captioned GERALD A. FORREST v. VIC FIRTH COMPANY, Case No. 2:16-cv-02981-KJM-EFB;

(ii) I understand the terms of the Protective Order;

(iii) I agree, upon threat of penalty of contempt and other civil remedies, to be bound by its terms; and

(iv) I irrevocably submit my person to the jurisdiction of the U.S. District Court for the Eastern District of California for the limited purpose of securing compliance with the terms and conditions of the Protective Order.

DATED:_____         _____
                                     Signature

                                     _____
                                     Name

                                     _____
                                     Present Employer

                                     _____
                                     Title/Occupation

                                     _____
                                     Street Address

                                     _____
                                     City              State        ZIP

                                     _____
                                     Telephone Number